UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                                      DECISION AND ORDER

                                                                                      03-CR-6033L

            v.

NATHAN BROWN,

                                        Defendant.
_____

      Defendant, Nathan Brown ("Brown"), was charged in a superseding indictment on September 16, 2004 in six counts of narcotics and firearms violations. Prior to the return of the superseding indictment, Brown had filed motions on a variety of topics on the original indictment. Included in the omnibus motions was a request to suppress physical evidence seized from Brown's apartment at 189 Pierpont Street, Rochester, New York and from a Red Ford Explorer. Brown challenged the warrant and argued that it was not supported by probable cause.

      I had referred pretrial motions in the case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Magistrate Judge Payson issued a Report and Recommendation on August 15, 2003 recommending denial of the motion and also determining that the good-faith exception, established in *United States v. Leon*, 468 U.S. 897 (1984), applied and

precluded suppression of evidence. I adopted that Report and Recommendation on Brown's appeal and denied the motion to suppress in an order entered September 10, 2003 (Dkt. #53).

After Brown was reindicted he obtained new counsel who filed additional motions. Brown renewed the motion to suppress evidence obtained as a result of the above-referenced searches and, in the alternative, he requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Magistrate Judge Payson issued a second Report and Recommendation on July 22, 2005 (Dkt. #186). In that Report and Recommendation, Magistrate Judge Payson recommended that the Court deny the motion to suppress and deny the request for a *Franks* hearing. Brown stated his intent to appeal and requested several extensions of time within which to file the same. Eventually, Brown did file objections on September 12, 2005 (Dkt. #201).

I agree with Magistrate Judge Payson that this new challenge to the search warrant fares no better than the first. Both Magistrate Judge Payson and this Court focused on *Leon* in denying the prior motion to suppress. Brown challenges that warrant again on the grounds that false or misleading statements were contained in the affidavit submitted to the issuing judge in support of the warrant. Magistrate Judge Payson carefully analyzed all of Brown's contentions in her through 14-page Report and Recommendation. I agree with her that there is no basis to suppress and no reason why *Leon* should not apply. Detailed information was provided to the state judge who issued the warrant and Brown has failed to demonstrate why the officers could not rely on it.

I also agree with Magistrate Judge Payson that Brown has failed to make the requisite showing to warrant proceeding with a so-called *Franks* hearing. Magistrate Judge Payson ably discussed the relevant law and dealt with each of Brown's arguments concerning the alleged defects

in the warrant's supporting affidavit. I concur with Magistrate Judge Payson's analysis and find no basis to order a *Franks* hearing.

CONCLUSION

Defendant Nathan Brown's objections to the Report and Recommendation of United States Magistrate Judge Marian W. Payson are denied. I adopt the Report and Recommendation filed July 22, 2005 (Dkt. #186). Defendant Brown's motion to suppress evidence obtained during execution of a search warrant on February 4, 2003 is in all respects denied. Defendant's alternative request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 25, 2005.